UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60731-CIV-MARRA

LAW WORKS USA, INC. and
LAW WORKS TAMARAC, INC.,

       Appellants,

vs.

DONALD F. WALTON,

       Appellee.

_____/

**OPINION AND ORDER**

THIS CAUSE is an appeal by Law Works USA, Inc. and Law Works Tamarac, Inc.

("Appellants"), pursuant to 28 U.S.C. § 158(a), of an Order of the Bankruptcy Court, entered on

February 26, 2010.  (Bankr. DE 70).  Presently before the Court is Appellee Donald F. Walton's

Motion to Dismiss for Lack of Jurisdiction.  (DE 9).  The Court has carefully considered the

motion and is otherwise fully advised in the premises.

**Background**

On June 3, 2009, the United States Trustee initiated an adversary proceeding against Ian

Gardner and the two Appellants, Law Works USA, Inc. and Law Works Tamarac, Inc.  (Bankr.

DE 1).  Gardner is a resident of Florida and the president of Law Works USA.  The United States

Trustee alleged that Gardner, through Appellants Law Works USA and Law Works Tamarac,

served as the bankruptcy petition preparer for a chapter 7 bankruptcy debtor and engaged in

fraudulent, unfair, and deceptive practices in violation of 11 U.S.C. § 110.  (Bankr. DE 1).

On October 16, 2009, the Bankruptcy Court entered an order granting default final judgment against the two Appellants.  (Bankr. DE 28).  On October 30, 2010, the Bankruptcy Court then entered a default final judgment permanently enjoining both Appellants from serving as bankruptcy petition preparers.  (Bankr. DE 35).  A default judgment was not entered against Gardner.

On November 18, 2009, Gardner and Appellants filed a motion to vacate the judgment and injunction.  (Bankr. DE 44).  The Bankruptcy Court denied this motion on December 18, 2009.  (Bankr. DE 48).

On December 28, 2009, Gardner, acting *pro se*, filed a timely Notice of Appeal of the Bankruptcy Court's order denying the motion to vacate.  (Bankr. DE 50).  Neither Appellant was listed as a party on Gardner's Notice of Appeal, and neither Appellant filed a separate notice of appeal.

On January 14, 2010, the Bankruptcy Court entered an order dismissing Gardner's appeal for failure to pay the filing fee required by Bankruptcy Rule 8001, and for failure to timely designate the items and issues for the record as required by Bankruptcy Rule 8006.  (Bankr. DE 56).

On January 22, 2010, Gardner filed a motion to reinstate his dismissed appeal.  (Bankr. DE 58).  Neither Appellant joined Gardner's motion.  The Bankruptcy Court denied Gardner's motion on February 26, 2010.  (Bankr. DE 70).

On March 9, 2010, Appellants filed a Notice of Appeal seeking review of the February 26, 2010 order denying Gardner's motion to reinstate his appeal.  (DE 1).  Gardner is not listed as a party on Appellants' Notice of Appeal, and Gardner did not file a separate notice of appeal.

2

Appellee Walton now moves to dismiss this appeal.  Walton argues that the Court lacks

jurisdiction over this appeal because Appellants' Notice of Appeal was untimely.

**Discussion**

Bankruptcy appeals to the district court are governed by the Federal Rules of Bankruptcy

Procedure.  S.D. Fla. L.R. 87.4.  Rule 8002(a) requires a party seeking to appeal an order of the

bankruptcy court to file its notice of appeal within fourteen (14) days of the entry of the order

sought to be appealed.  The timely filing of a notice of appeal by one party within this fourteen-

day period extends the period for any other party to file a notice of appeal an additional fourteen

(14) days from the date the first notice was filed.  Fed. R. Bankr. P. 8002(a).  Rule 8002(a)'s

fourteen-day filing requirements are mandatory and jurisdictional.  *In re Williams*, 216 F.3d

1295, 1298 (11th Cir. 2000).  The district court must therefore dismiss an appeal for lack of

jurisdiction if a party fails to comply with the fourteen-day time limits imposed by Rule 8002(a).

*Id.*; *see also In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) ("[T]he time limit contained in Rule

8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court,

the district court is without jurisdiction to consider the appeal . . . ."); *In re Mouradick*, 13 F.3d

326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the

untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the

bankruptcy court's order.").

Here, the order denying Appellants' motion to vacate the judgment and injunction

against them was entered on December 18, 2009.  (Bankr. DE 48).  Gardner's *pro se* Notice of

Appeal of that order was timely filed on December 28, 2009.  (Bankr. DE 50).  Appellants were

thus required to file a notice of appeal by January 11, 2010, fourteen days after Gardner's Notice

of Appeal was filed.  Fed. R. Bankr. P. 8002(a).  Appellants, however, did not file their Notice of

Appeal until March 9, 2010, nearly two months after Rule 8002(a)'s jurisdictional deadline had

passed.  (DE 1).  Appellants' Notice of Appeal was therefore untimely, and this Court lacks

jurisdiction to hear it.

Although Appellants' Notice of Appeal is styled as an appeal of the Bankruptcy Court's

February 26, 2010 order denying Gardner's motion to reinstate his previously dismissed appeal

(DE 1), Appellants are in effect seeking to reinstate an appeal challenging the December 18,

2009 order to which they failed to file a timely notice of appeal.  Because Appellants missed

Rule 8002(a)'s jurisdictional deadline to appeal the December 18, 2009 order, they cannot do so

now by appealing a subsequent order disposing of a third-party's motion.  The December 18,

2009 order, and the judgment and injunction that it affirmed, are final and unappealable as to

Appellants.

Appellants argue that even if their March 9, 2010 Notice of Appeal was untimely, their

intent to appeal was obvious from Gardner's December 28, 2009 notice.  (Appellants' Resp. at 5-

6).  Therefore, Appellants argue, Gardner's timely Notice of Appeal applies to them.  (*Id.*).

Appellants principally rely on the Supreme Court's decision in *Becker v. Montgomery*, 532 U.S.

757 (2001), where the Court held that a prisoner's failure to hand sign his timely notice of

appeal, which included the appellant's typed name, did not require dismissal of the appeal.  *Id.* at

765.  The *Becker* Court reasoned that the inmate's "lapse was curable" and the "initial omission

was not a 'jurisdictional' impediment to pursuit of his appeal" because the notice of appeal was

timely and clearly indicated the party taking the appeal.  *Id.*

The *Becker* Court's holding was based on Rule 3 of the Federal Rules of Appellate Procedure ("Appellate Rules") after the 1993 amendments to that rule. *Id.* at 766-67. That amended version provided: "An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). The purpose of this change was to "'prevent the loss of a right to appeal through inadvertent omission of a party's name'" when "'it is objectively clear that [the] party intended to appeal.'" *Becker*, 532 U.S. at 766 (quoting Fed. R. App. P. 3(c) advisory committee's note). Bankruptcy Rule 8002, however, was not similarly amended, despite two amendments since the 1993 changes to the Appellate Rules, and does not contain similar language regarding relaxed notice-of-appeal requirements. Thus, *Becker*'s interpretation of Rule 3 of the Appellate Rules is inapplicable to the notices of appeal filed in this appeal under the Bankruptcy Rules.

The better analogy here is the Supreme Court's decision in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), which interpreted the notice-of-appeal requirements of Rule 3 of the Appellate Rules prior to the 1993 changes. *Torres* held that a notice of appeal that omitted the name of a party, through a clerical error, was ineffective to notice an appeal for that party. *Id.* at 314 ("The failure to name a party in a notice of appeal is more than excusable 'informality'; it constitutes a failure of that party to appeal."). Accordingly, because the unnamed party missed the mandatory deadline for filing his own notice, the *Torres* Court held that the court of appeals lacked jurisdiction to hear the omitted party's appeal. *Id.* at 317. Under *Torres*'s rationale, the omission of Appellants from Gardner's Notice of Appeal renders Gardner's notice inapplicable

to Appellants, and because Appellants did not themselves file a timely notice of appeal, this Court lacks jurisdiction to hear this appeal.

In any event, Appellants' reliance on *Becker* is misplaced because Appellants' failure to meet Bankruptcy Rule 8002(a)'s filing deadline was a jurisdictional defect, not a "curable" lapse as in *Becker*. Moreover, unlike the notice of appeal in *Becker*, it was not clear from Gardner's Notice of Appeal that Appellants intended to appeal. Gardner's notice does not list or otherwise reference either Appellant, nor is it signed on behalf of either Appellant. (Bankr. DE 50). Rather, Gardner's Notice of Appeal is written in the singular and identifies only Gardner as the appellant. *Id.* ("Comes now the Defendant in the above matter, Ian Gardner, *pro se*").

This case is more akin to the Seventh Circuit's decision in *Nocula v. UGS Corp.*, 520 F.3d 719 (7th Cir. 2008). There, Mr. Nocula, sole owner of TSI Corporation, filed a timely notice of appeal of an order dismissing a lawsuit brought by Nocula and TSI. *Id.* at 721. Nocula's notice was signed on behalf of "Mitch Nocula, Pro Se," referred only to the singular "Petitioner," and contained no reference to TSI. *Id.* at 724. The Seventh Circuit rejected TSI's argument that Nocula's notice covered it. The court's reasoning is instructive:

> We have said that "punctilious, literal, and exact compliance" with Rule 3(c)'s requirements is required. . . . Notice will be deemed insufficient where the notice of appeal, read as a whole, is ambiguous. . . . The use of the singular "Petitioner" and "his," together with the signature line that read "Mitch Nocula, Pro Se," without any reference to TSI, gave proper notice only that Nocula was appealing. As to TSI, however, the notice was ambiguous. Corporations cannot appear pro se, and one pro se litigant cannot represent another.

*Id.* at 724-25 (citations omitted).  Accordingly, the court held that "because [Nocula's] notice of appeal was ambiguous as to TSI, we lack jurisdiction to hear TSI's appeal."  *Id.* at 725.[1]

As in *Nocula*, Gardner's notice does not cover the unlisted corporate Appellants.  And like *Nocula*, the corporate Appellants cannot invoke Gardner's timely *pro se* notice as a jurisdictional basis for this appeal.

Appellants also argue that because Gardner's Notice of Appeal was filed *pro se* "it should have been liberally construed" and interpreted to cover the corporate Appellants.  (Appellants' Surreply at 7).  As the court reasoned in *Nocula*, however, a notice of appeal that names only the *pro se* appellant cannot cover additional corporate parties not referenced in the notice, irrespective of the named appellant's *pro se* status.  *Nocula*, 520 F.3d at 724-25.  Thus, because Appellants here were not named in Gardner's Notice of Appeal, they are not covered by it.

Finally, Appellants attempted to cure their untimely notice by filing a "Nunc Pro Tunc Amended Notice of Appeal" in the Bankruptcy Court on July 13, 2010.  (Bankr. DE 110).  This recent filing sought to "amend" Gardner's December 28, 2009 timely Notice of Appeal by adding both Appellants as named parties.  But because Rule 8002(a)'s time limits for filing a notice of appeal are jurisdictional, *In re Williams*, 216 F.3d at 1298, Appellants' untimely Notice of Appeal cannot be cured by amendment long past the jurisdictional deadline.  *See, e.g.*, *Nocula*, 520 F.3d at 721-22 (rejecting appellant's untimely "corrected notice of appeal," which sought to

---

[1] The *Nocula* decision is based upon the application of the Federal Rules of Appellate Procedure, not the Bankruptcy Rules.  *Nocula* was decided after the 1993 amendment to the Appellate Rules, which sought to remedy the result of *Torres* in cases where the "failure to name the party whose intent to appeal is otherwise clear from the notice."  As previously indicated, no such amendment was made to the Bankruptcy Rules.  Even assuming the spirit of the 1993 amendment should be applied in interpreting the Bankruptcy Rules, the reasoning of the *Nocula* decision is applicable here.

add the appellant to another party's timely notice, and dismissing appeal for lack of jurisdiction).

Therefore, the Court must disregard Appellants' Nunc Pro Tunc Amended Notice of Appeal.

**Conclusion**

For the reasons set forth above, the Court finds that Appellants' Notice of Appeal was

untimely and, consequently, this Court lacks jurisdiction.  Appellants' appeal must be dismissed.[2]

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.     Appellee Donald F. Walton's Motion to Dismiss (DE 9) is **GRANTED**.

2.     Appellants Law Works USA, Inc. and Law Works Tamarac, Inc.'s appeal is

    **DISMISSED**.

3.     The Clerk shall **CLOSE** this case and any pending motions are **DENIED AS MOOT**.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 22nd day of September, 2010.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record

---

    [2] Because Gardner is not a party to this appeal, the Court does not address Appellants'
additional arguments regarding Gardner's standing to appeal the Bankruptcy Court's order, and
Gardner's ability to intervene in this case.